UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FT. MYERS DIVISION

CASE NO. _____

EVANSTON INSURANCE
COMPANY,  a foreign corporation,

     Petitioner,

v.

STAN WEEKS & ASSOCIATES, INC.
a Florida corporation.

     Respondent.

_____/

## PETITION FOR DECLARATORY RELIEF

Petitioner, EVANSTON INSURANCE COMPANY, a foreign corporation, by and through its undersigned attorneys, files this Petition for Declaratory Relief and states:

## NATURE AND SUBJECT OF ACTION

1.     This is an action for Declaratory Relief pursuant to 28 U.S.C. § 2201.

2.     The subject matter of this action is a Contractors Equipment Broad Form policy issued by Evanston Insurance Company to Named Insured, Stan Weeks & Associates, Inc. (hereinafter "Stan Weeks") bearing policy number SAA333192 with effective dates of July 28, 2020, through and including July 28, 2021 (hereinafter "the Subject Policy").  *See* Exhibit A.

## THE PARTIES

3.    EVANSTON INSURANCE COMPANY (hereinafter "Evanston") is an Illinois corporation with its principal place of business in Rosemont, Illinois.

4.    Upon information and belief, at all material times, STAN WEEKS & ASSOCIATES, INC. (hereinafter "Stan Weeks") is a corporation authorized and existing under the Laws of the State of Florida with its principal place of business in Arcadia, De Soto County, Florida.

5.    Stan Weeks is the Named Insured on the Subject Policy at issue in this case.

6.    The Subject Policy provides Contractors Equipment Broad Form coverage, subject to the full terms and conditions therein, for the scheduled equipment including excavators bearing serial number GKX00341 ("Excavator #1") and serial number DKY03913 ("Excavator #2").

## JURISDICTION AND VENUE

7.    This Court has diversity jurisdiction by virtue of 28 USC § 1332 because there is diversity of citizenship and the amount in controversy exceeds the sum of $75,000 exclusive of interest, attorney fees and costs.

8.    Venue is proper in the Middle District of Florida pursuant to 28 USC § 1391(a) because substantial part of the events giving rise to the claim occurred in the district including:

a.  The contract of insurance was delivered to the insured in this district;

- 2 -

b. The damaged equipment which is the subject of Stan Weeks' insurance claim was damaged at a jobsite located in this district;

c. Notice of loss was provided to Evanston from this district;

d. Evanston's claim investigation of the damaged equipment and the location of the loss, all occurred in this district; and

e. Evanston's disclaimer of coverage was issued to the insured and its counsel in this district.

9.    All proper and present interests are before the Court by proper process.

10.   All conditions precedent to the initiation and maintenance of the action have been complied with, have occurred, or have been waived.

## THE UNDERLYING PROPERTY CLAIM

11.   Stan Weeks submitted a claim on December 2, 2020, arising from a loss that occurred on November 20, 2020 at a shell mine jobsite located in Punta Gorda, Florida.

12.   In the Notice of Loss, Stan Weeks advised that Excavator #1 was "submerged in a sinkhole" while on a job; and that Excavator #2 was "submerged when isolation levy failed due to a sinkhole at jobsite."

13.   Photos attached thereto show Excavator #1 fully submerged/covered by a combination of water and soil; with only a portion of the boom and bucket above water.   *See* Exhibit B, photo attached to Notice of Loss.

14.   Photos attached thereto show Excavator #2 is almost entirely submerged in water.   *See* Exhibit C, photo attached to Notice of Loss.

- 3 -

15.     Independent adjuster, Engle Martin, was promptly retained by Evanston to inspect the scene and the damaged excavators.

16.     Engle Martin attended the scene, along with a representative of Stan Weeks, on December 14, 2020.

17.     At the time of this inspection, the pit was de-watered but Excavator #1 remained in place and was photographed in position by Engle Martin.

18.     Excavator #1 is seen in the photographs tipped to the side, with the boom bent, and partially sunken in mud at the bottom on the mining pit.

19.     In late February 2021, a representative of Stan Weeks was advised via phone that coverage for the loss was excluded due to the Subject Policy's exclusions for "earth movement" and "water damage."

20.     In response, Stan Weeks advised that despite the how the loss was explained in the initial notice of loss, it did not in reality involve a "sinkhole."

21.     In response, Evanston appointed J.S. Held to conduct a Ground Movement Assessment.

22.     J.S. Held conducted a site inspection on March 1, 2021.  Mr. James Weeks with Stan Weeks & Associates was in attendance.

23.     J.S. Held completed its Ground Movement Assessment on March 9, 2021.

24.     J.S. Held determined the following facts about the subject jobsite where the loss occurred:

        a.  It is a 138-acre parcel being used as an active shell mine.

- 4 -

  b. To the north of this active mining pit are two (2) inactive mine pits that were commissioned as retaining ponds to hold the groundwater removed from the active mine pit.

  c. The active mine pit requires de-watering because of the high groundwater table on the property that is well-above the 25-30 feet below grade depth of the pit.

  d. Each retention pond is bordered by berms that are made wide enough to also provide roads between the retention ponds and the mining pit.

  e. The roads/berms consist of compacted soil.

25. J.S. Held determined the following sequence of events caused damage to both excavators:

  a. The berm between the older mines (commissioned as retention ponds for de-watering) washed out.

  b. Water from the larger retention pond overflowed into the smaller retention pond, raising the level of water in the smaller pond by several feet.

  c. The berm/road between the new mining pit and the smaller, second retention pond, washed out causing a breach.

  d. Overflowing water then began flooding the mining pit; eroding the soil shelf supporting Excavator #1.

  e. Excavator #1 fell to the bottom of the mining pit and was buried by suspended soils and floodwater.

  f. Floodwater continued to move in, flooding nearly six acres of the mining pit, including the Southside of the pit where Excavator #2 was positioned.

26. On March 17, 2021, Evanston issued a written declination of coverage to Stan Weeks.

27. On April 1, 2021, Stan Weeks submitted correspondence advising it disagreed with Evanston's coverage determination and asking that coverage be re-evaluated.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

28.     Evanston, through undersigned counsel, responded via correspondence on May 20, 2021.

## THE SUBJECT POLICY

29.    The Subject Policy provides the following insuring clause:

### I.    INSURING CLAUSE

We will pay for loss to Covered Property from any one occurrence caused by a Covered Cause of Loss, during the coverage period.

30.    The Subject Policy provides the following covered loss clause:

### II.    COVERED CAUSE OF LOSS

Loss caused by any external cause, except as otherwise excluded in paragraph V.

31.    The following relevant perils are excluded:

### V.    PERILS EXCLUDED

This policy does not insure against loss which is caused by, or arises from any of the following, whether or not there are any other contributing causes which would otherwise be covered by this policy.

. . .

D.  Earthquake, volcanic eruption, landslide, or other earth movement;

. . .

F.  Water damage caused by, contributed to or aggravated by any of the following;

1.  Flood, surface water, rising waters, waves, tides or tidal waves,     storm surge, overflow of any body

- 6 -

of water or their spray, all whether driven by rain or not…

## THIS ACTION

32.     There exists a bona fide actual present and practical need for the declaration of coverage as to a state of facts concerning the rights and obligations of Evanston under the Subject Policy.

33.     Evanston and Stan Weeks, and each of them, have an actual, present, controversy in the subject matter described herein.

34.     Evanston is in doubt of its rights and obligations under the policy and, by this Petition, seeks a declaration of its rights and obligations with respect to the aforesaid claim and a finding by this Court that under the Subject Policy, Evanston has no obligation to make any payment for said claim.

## COUNT I-  COVERAGE IS EXCLUDED BY EXCLUSION D- EARTH MOVEMENT

35.     Evanston incorporates paragraphs 1-35 as if fully set forth herein.

36.     The compacted soil shelf on which Excavator #1 sat was eroded by the floodwater that overflowed from the retention ponds and flooded the mining pit.

37.     The facts of the subject loss trigger the clear and unambiguous words "earth movement" as used in Exclusion D.

38.     Due to the anti-concurrent provision which precedes Exclusion D, the sequence of causative events is immaterial to a coverage determination.

39.     Coverage for Excavator #1 is excluded.

WHEREFORE, Evanston respectfully requests that this Court enter a final judgment in its favor declaring that:

a.     Coverage under the Subject Policy for damage to Excavator #1 is excluded by Exclusion D.

b.     Evanston further request judgment for its costs and disbursements incurred herein and for such other relief as may be warranted.

- 7 -

## COUNT II- COVERAGE IS EXCLUDED AS TO EXCAVAGOR #1 AND #2 BY EXCLUSION F- WATER DAMAGE

40.     Evanston incorporates paragraphs 1-35  as if fully set forth herein.

41.     Water damage was a contributing cause of damage to Excavator #1, and the sole cause of damage to Excavator #2.

42.     Specifically, retained water in the retention ponds rose until it overflowed.

43.     The rising water then overflowed into the de-watered mining pit.

44.     The mining pit then became fully flooded, and the flood waters submerged Excavator #1 and Excavator #2.

45.     The facts of the subject loss trigger the clear and unambiguous words "flood," "rising waters," and "overflow of any body of water" as used in Exclusion F of the Subject Policy.

46.     Due to the anti-concurrent provision which precedes Exclusion F, the sequence of causative events is immaterial to a coverage determination.

47.     Coverage for Excavator #1 and Excavator #2 is excluded.

WHEREFORE, Evanston respectfully requests that this Court enter a final judgment in its favor declaring that:

c.      Coverage under the Subject Policy for damage to Excavator #1 and Excavator #2 is excluded by Exclusion F.

d.      Evanston further request judgment for its costs and disbursements incurred herein and for such other relief as may be warranted.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

Dated:  July 7, 2021

Respectfully submitted,

/s/  Krista Fowler Acuña
Krista Fowler Acuña
Fla. Bar No. 650791
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:  305-379-3686
Facsimile:   305-379-3690
*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 7, 2021, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF.

/s/      *Krista Fowler Acuña*
Krista Fowler Acuña

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690