```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

EVANSTON INSURANCE COMPANY,

    Plaintiff,

v.                                    Case No:  2:21-cv-508-JES-MRM

STAN WEEKS & ASSOCIATES,
INC.,

    Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on review of respondent Stan Weeks & Associates, Inc. (Stan Weeks)'s motion to dismiss the petition for declaratory relief due to lack of jurisdiction and/or failure to state a claim (Doc. #11) filed on August 26, 2021. Petitioner Evanston Insurance Company (Evanston) filed a response in opposition (Doc. #17) on September 17, 2021. For the reasons set forth below, the motion is denied.

**I.**

The following facts are taken from the petition. (Doc. #1.) Insurer Evanston and insured Stan Weeks contracted for a Contractors Equipment Broad Form insurance policy (the Policy) for an effective period of July 28, 2020 through July 28, 2021. (Id. ¶ 2.) On December 2, 2020, Stan Weeks submitted a claim arising from a loss occurring at a shell mine jobsite in Punta Gorda,

Florida. (Id. ¶ 11.) Stan Weeks' notice of loss stated that two of its excavators were submerged in a sinkhole at the jobsite. (Id. ¶ 12.)

Shortly after receiving the notice, Evanston retained an independent adjuster, who went to inspect the scene and damaged equipment on December 14, 2020. (Id. ¶¶ 15-16.) In late February 2021, Evanston informed Stan Weeks that coverage for the loss was excluded based on Policy exclusions for "earth movement" and "water damage." (Id. ¶¶ 19, 31.) Stan Weeks then informed Evanston that, despite its initial notice, damage to the excavators did not involve a sinkhole. (Id. ¶ 20.)

Evanston then retained J.S. Held to conduct a ground movement assessment. (Id. ¶ 21.) Based on J.S. Held's assessment (id. ¶¶ 24-25), Evanston sent Stan Weeks a written declination of coverage on March 17, 2021. (Id. ¶ 26.) On April 1, 2021, Stan Weeks responded, disagreeing with Evanston's coverage determination and requesting that Evanston re-evaluate coverage. (Id. ¶ 27.) Evanston responded on May 20, 2021. (Id. ¶ 28.) The parties still disputed coverage. Evanston filed the instant petition on July 7, 2021, seeking, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, a judgment declaring that the loss of Stan Weeks' excavators is excluded from coverage under the Policy. (Id.) Stan Weeks now moves to dismiss the petition. (Doc. #11.)

II.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

Stan Weeks seeks dismissal of the petition under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. #1.) Rule 12(b)(1) motions challenging the subject matter jurisdiction of the Court come in two forms, a "facial" attack motion and a "factual" attack motion. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the Court takes the allegations in the complaint as true in deciding the motion. Id. A factual attack challenges subject matter jurisdiction in fact, irrespective of the pleadings, and the Court may consider extrinsic evidence. Id. Stan Weeks makes

a facial attack, challenging this Court's jurisdiction based on the allegations in the petition.

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (quotations and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

Stan Weeks first argues that this Court lacks jurisdiction because Evanston's request for declaratory relief is not ripe. (Doc. #11, p. 9.) Stan Weeks contends that, because Stan Weeks has not yet filed a breach of contract claim or otherwise sought

4

to enforce coverage under the Policy, Evanston has no legally cognizable injury.  Stan Weeks is incorrect.

Evanston's petition is brought pursuant to the Declaratory Judgment Act, which provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201.  The Act requires a "case or controversy," which refers to "the types of cases and controversies that are justiciable under Article III."  Sully v. Scottsdale Ins. Co., No. 21-CV-60299, 2021 WL 1289618, at *2 (S.D. Fla. Apr. 7, 2021) (citing MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)).  To establish a justiciable Article III "case or controversy," a plaintiff must "show, among other things, that he has suffered an injury in fact—some harm to a legal interest that is actual or imminent, not conjectural or hypothetical."  Bowen v. First Family Fin. Servs., Inc., 233 F.3d 1331, 1339 (11th Cir. 2000) (cleaned up).  Thus, under the Act, "[t]he question then is 'whether the facts alleged, under all circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  Liotto v. Hartford Ins. Co. of the Midwest, No. 8:11-CV-02290-EAK, 2012 WL 646257, at *4 (M.D. Fla. Feb. 28, 2012)(quoting Maryland Casualty Co. v. Pacific Oil Co., 312 U.S. 270, 273 (1941)).

Evanston has pled a justiciable controversy. Based on the allegations in the petition, Evanston denied coverage under the Policy for the damaged excavators, Stan Weeks disputed that determination, and that dispute continues. (Doc. #1.) The dispute over coverage is not hypothetical, but clearly exists. Evanston is also not required to wait for Stan Weeks to bring a breach of contract claim before seeking declaratory relief under the Act. A substantive claim is not required for the court to have jurisdiction, and a court's discretion is determined by more than the existence of a parallel proceeding. E.g., National Trust Insurance Co, v, Southern Heating and Cooling, Inc., No. 20-11292, --- F.4th ---, 2021 WL 4025528 (11th Cir. Sept. 3, 2021). The Court has jurisdiction over Evanston's petition.

Stan Weeks next argues that Evanston fails to plead a claim for declaratory relief because it does not plead any ambiguity in the Policy. (Id., pp. 12-13.) However, "[t]his court has previously rejected the argument that declaratory relief cannot be based on an unambiguous insurance policy." LM Ins. Corp. v. Occidental Fire & Cas. Co. of N. Carolina, No. 5:19-CV-274-OC-30PRL, 2020 WL 2515980, at *5 (M.D. Fla. Apr. 30, 2020), report and recommendation adopted, 2020 WL 2512875 (M.D. Fla. May 15, 2020) (citation omitted). Moreover, the petition plausibly pleads that the parties dispute whether Evanston is obligated to cover the loss of the excavators under the Policy, that there are doubts

6

on coverage, and the Court's interpretation of the Policy is needed. (See, e.g., Doc. #1, ¶¶ 32-34.)  Accordingly, Evanston has plausibly pled a request for declaratory relief under the Act.

Finally, the Court reiterates that a decision to hear a declaratory judgment claim is discretionary.  Wilton, 515 U.S. at 287.  Here, "a declaratory judgment would serve a useful purpose in settling the parties' legal obligations and would afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings."  LM Ins., 2020 WL 2515980 at *5 (citing Mid-Continental Cas. Co. v. Devonshire Props., Inc., No. 8:15-cv-1049-T-17JSS, 2015 WL 12831311, at *2 (M.D. Fla. Nov. 12, 2015) (finding insurance coverage dispute sufficiently ripe where declaration would settle the parties' legal obligations and "help to facilitate an early resolution of the parties' coverage issues")).

Accordingly, it is now

**ORDERED:**

Respondent's motion to dismiss the petition (Doc. #11) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this   27th   day of September, 2021.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

7